# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:** _____

Deanna Albright,
    Plaintiff

v.

Windham Professionals, Inc.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Deanna Albright ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Arapahoe, and City of Aurora.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Windham Professionals, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt, Defendant, via its agent

and/or employee "Carrie King," contacted Plaintiff via cellular telephone call on March 2, 2011 at or around 10:00 A.M., and at such time, called Plaintiff a "bitch." (15 U.S.C. 1692d(2)).

12. In connection with the collection of an alleged debt, Defendant caused Plaintiff's telephone to ring continuously and repeatedly with intent to harass, annoy or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff from an "unavailable number" when Defendant knew Plaintiff was on the other line. (15 U.S.C. 1692d(5)).

13. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Carrie," contacted Plaintiff via cellular telephone call on March 2, 2011 at or around 10:00 A.M., and at such time, threatened to contact the "Food Stamp Agency" and disclose Plaintiff's debt, an action Defendant did not actually intend to take. (15 U.S.C. 1692e(5), 1692e(10)).

14. In connection with collection of an alleged debt, Defendant, via its agent and/or employee "Carrie King," contacted Plaintiff via cellular telephone call in or around November of 2010, and at such time, falsely represented that Plaintiff would be unable to gain employment until her debt was paid in full and further stated that Plaintiff's credit score was 147 and only an immediate $50.00 payment would raise it. (15 U.S.C. § 1692e(10)).

15. Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

16.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17.     Plaintiff repeats and re-alleges each and every allegation contained above.

18.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.     Plaintiff repeats and re-alleges each and every allegation contained above.

20.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**May 18, 2011**         **/s/ Craig J. Ehrlich**
**Craig J. Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**